**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION**

| | |
|---|---|
| JOSEPH WHITAKER,<br>SANDRA WHITAKER,<br><br>                          Plaintiff,<br><br>          vs.<br><br>PFIZER, INC.,<br><br>                          Defendant. | :<br>:<br>:<br>:    CASE NO.:   4:07-cv-567<br>:<br>:    (Judge John E. Jones III)<br>:<br>:<br>:<br>:<br>: |

**ANSWER AND JURY DEMAND OF DEFENDANT PFIZER INC.**

Defendant, Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.,") (hereinafter, "Pfizer" or "Defendant"), by and through its undersigned counsel, responds to Plaintiffs' Complaint as follows:

# I.
## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra®. Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

This preliminary statement is incorporated by reference in its entirety in response to each and every Paragraph of the Complaint.

# II.
## ORIGINAL ANSWER

### Response to Allegations Regarding Jurisdiction

Defendant states that the unnumbered statement of jurisdiction contains conclusions of law to which no response is necessary, and refers all matters of law to the Court. Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies the same. However, Defendant admits that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000 exclusive of interests and costs.

## Response to Allegations Regarding Parties

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore denies the same.

3.    Defendant admits that Pfizer Inc. is a Delaware corporation with its principal place of business in New York, and that it is duly licensed and authorized to do business in the State of Pennsylvania.   Defendant admits that, during certain periods of time, it marketed and co-promoted the prescription medication Bextra® (valdecoxib) in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.   Except as stated or admitted herein, Defendant denies the remaining allegations of this Paragraph of the Complaint.

## Response to Factual Allegations

4.    Defendant admits that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea, as is stated on the FDA-approved package insert.   Defendant denies the remaining allegations of this Paragraph of the Complaint.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint, and therefore denies the same.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs used Bextra® and therefore denies the same. Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations in this Paragraph of the Complaint.

7.    Defendant admits that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc., and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company was incorporated under the laws of Delaware. On March 31, 2000, Monsanto AG Company changed its name to Monsanto Company ("2000 Monsanto.") The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®. Defendant admits that Pharmacia acquired G.D. Searle, LLC ("Searle") in 2000 and that, as a result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Except as admitted, the allegations in this Paragraph of the Complaint are denied.

8.    Pfizer admits that G.D. Searle & Company ("Searle") submitted a New Drug Application for Bextra® (valdecoxib) and the FDA granted approval on November 16, 2001. Defendant further admits that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted the prescription medication Bextra® (valdecoxib) throughout the United States, including the state of Pennsylvania, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by FDA. Defendant denies the remaining allegations in this Paragraph.

9.    Defendant admits that, during certain periods of time, it marketed and co-promoted the prescription medication Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous and, therefore, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated or admitted herein, Defendant denies the remaining allegations in this Paragraph.

10.    Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous and, therefore, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and therefore

denies them.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the remaining allegations in this Paragraph.

11.    Defendant states that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous and, therefore, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that Plaintiff fails to provide the proper context for the allegations of this Paragraph regarding reports, trials and studies and therefore Defendant is without knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Defendant further states that the referenced reports, trials, and studies speak for themselves, and Defendant, therefore, denies any attempt by Plaintiffs to characterize them.  Pfizer admits that Bextra® is a selective

COX-2 inhibitor Defendant denies any wrongful conduct and denies the remaining allegations of this Paragraph.

12.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that it engaged in any wrongful conduct, and denies the allegations in this Paragraph of the Complaint.

13.    Defendant admits that, during certain periods of time, it marketed and co-promoted the prescription medication Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant states that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous and, therefore, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.  Defendant denies that it was ever involved in any "scheme."  Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as admitted or stated herein, Defendant denies the remaining allegations of this Paragraph.

14.    Defendant admits that, during certain periods of time, it marketed and co-promoted the prescription medication Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant states that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous and, therefore, Defendant is without knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.   Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.   Defendant states, further, that the potential effects of Bextra® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations of this Paragraph.

15.    Defendant admits that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005.   Defendant denies the remaining allegations in this Paragraph.

**Response to First Cause of Action: Strict Product Liability**

16.    Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

17.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant denies that Bextra® was defective or unreasonably dangerous.  Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated or admitted herein, Defendant denies the allegations in this Paragraph.

18.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Bextra® reached Plaintiff and, therefore, denies the same. Defendant denies any remaining allegations in this Paragraph.

19.    Defendant denies that Bextra® was defective or unreasonably dangerous, or that it failed to provide adequate warnings about Bextra®.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law.  Defendant states that Bextra® was and is

safe and effective when used in accordance with its FDA-approved prescribing information. Defendant admits that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea, as is stated on the FDA-approved package insert. Defendant denies the remaining allegations contained this Paragraph, including all subparts.

20.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this Paragraph.

21.    Defendant denies that it engaged in any wrongful conduct, and denies that Bextra® was or is defective. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies that Bextra® caused Plaintiffs any injury or damages and denies the remaining allegations in this Paragraph.

22.    Defendant denies that it engaged in any wrongful conduct, denies that Bextra® caused Plaintiffs any injury or damages, and denies the allegations in this Paragraph of the Complaint.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

## Response to Second Cause of Action: Failure to Warn

23.    Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

24.    Defendant denies that Bextra® was unreasonably dangerous. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendant denies the remaining allegations in this Paragraph of the Complaint.

25.    The allegations contained in this Paragraph of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law.    Defendant denies the remaining allegations of this Paragraph.

26.    As to the allegations about the state of mind or knowledge possessed by Plaintiff, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies the same. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported

with applicable standard of care and law. Defendant denies the remaining allegations in this Paragraph of the Complaint.

27.    The allegations contained in this Paragraph, including all subparts, of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duty. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was, at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations, including all subparts, of this Paragraph.

28.    Defendant denies that it engaged in any wrongful conduct. Defendant denies that Bextra® caused Plaintiffs any injury or damages, and denies the remaining allegations of this Paragraph.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

### Response to Third Cause of Action:
### Breach of Warranty of Merchantability

29.    Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

30.    Defendant states that Bextra® at all times had appropriate information in its FDA approved label and that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant further states, as indicated in the package insert approved by the FDA, that Bextra® has been approved by the FDA for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant admits that it provided FDA-approved prescribing information regarding Bextra®. Except as stated herein, Defendant denies the remaining allegations of this Paragraph.

31.    Defendant states that the allegations contained therein assert legal conclusions to which no response is required. To the extent a response is deemed required, as to the allegations about the state of mind or knowledge possessed by Plaintiff, Defendant lacks sufficient knowledge and information to form a belief as

to the truth of the allegations and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Bextra®. Except as stated admitted herein, Defendant denies the allegations in this Paragraph.

32.    Defendant denies that Bextra® was defective or unreasonably dangerous. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations this Paragraph of the Complaint.

33.    Defendant denies that it engaged in any wrongful conduct. Defendant denies that Bextra® caused Plaintiffs any injury or damages and denies the remaining allegations of this Paragraph.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

### Response to Fourth Cause of Action: Negligence

34.    Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

35.    The allegations contained in this Paragraph of the Complaint assert legal conclusions to which no response is required.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  To the extent a response is deemed required, Defendant denies that it was negligent and denies the allegations in this Paragraph.

36.    The allegations contained in this Paragraph of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties.  Except as admitted or stated herein, Defendant denies the remaining allegations in this Paragraph.

37.    The allegations contained in this Paragraph, including subparts, of the Complaint state legal conclusions to which no response is required.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times, adequate and

comported with applicable standards of care and law. Defendant further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. To the extent that a response is required, except as admitted or stated herein, Defendant denies the remaining allegations, including all subparts, of this Paragraph.

38.    Defendant denies that Bextra® was unreasonably dangerous. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations of this Paragraph.

39.    Defendant denies that it engaged in any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations of this Paragraph.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

## Response to Fifth Cause of Action: Wantonness

40.    Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

41.    The allegations contained in this Paragraph of the Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies any wrongful conduct and denies the allegations in this Paragraph.

42.    The allegations contained in this Paragraph of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties. Except as admitted or stated herein, Defendant denies the remaining allegations in this Paragraph.

43.    The allegations contained in this Paragraph, including all subparts, of the Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times, adequate and comported with applicable standards of care and law.  Defendant further states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as admitted or stated herein, Defendant denies any wrongful conduct, denies any

misrepresentation and denies the remaining allegations, including all subparts, of this Paragraph.

44.     Defendant denies that Bextra® was unreasonably dangerous.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times, adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and denies the remaining allegations of this Paragraph.

45.     Defendant denies that it engaged in any wrongful conduct.  Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations of this Paragraph.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

### Response to Sixth Cause of Action: Fraud, Misrepresentation and Suppression

46.     Defendant adopts and incorporates, by reference, its responses to all preceding paragraphs as if fully set forth herein and further responds as follows:

47.   The allegations of this Paragraph assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that it engaged in any misrepresentation or concealment of information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was, at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.   Defendant denies the remaining allegations in this Paragraph of the Complaint.

48.   Defendant denies that it engaged in any misrepresentation or concealment of information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that at all times Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.   Defendant denies the remaining allegations, including all subparts, in this Paragraph of the Complaint.

49.   Defendant denies that it engaged in any misrepresentation or communication of "false and fraudulent information."  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

standards of care and law. Defendant further states that at all times Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this Paragraph.

50.    Defendant denies that it engaged in "fraudulent misrepresentations" or "active concealment" of information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this Paragraph of the Complaint.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of the Complaint regarding whether Plaintiff used Bextra® and therefore deny the same. Defendant denies that it engaged in the misrepresentation of information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations in this Paragraph of the Complaint.

20

52.    Defendant denies that it engaged in any concealment of information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was, at all times, adequate and comported with applicable standards of care and law.    Defendant further states that at all times, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.    Except as stated herein, Defendant denies the allegations of this Paragraph.

53.    The allegations in this Paragraph state legal conclusions to which no response is required.    To the extent a response is required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendant states that Bextra® was and is safe and effective when used in accordance with FDA-approved prescribing information.    Except as admitted or stated herein, Defendant denies the allegations in this Paragraph.

54.    The allegations of this Paragraph of the Complaint assert legal conclusions to which no response is required.    To the extent a response is deemed required, Defendant denies that it engaged in "misrepresentations" or "active concealment"

of information. Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations in this Paragraph of the Complaint.

55.    Defendant denies that it committed any wrongful act. Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations in this Paragraph of the Complaint.

In response to the unnumbered statement in this Count of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

## Response to Claim for Damages

In response to the unnumbered "CLAIM FOR DAMAGES," including all subparts thereto, of the Complaint, Defendant admits that Plaintiffs make such demands, but specifically denies that Plaintiffs are entitled to the relief requested.

## III.
## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are

supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available,

and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

## Fifth Defense

5.     Plaintiffs' claims are barred and/or limited by Pennsylvania law.

## Sixth Defense

6.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

## Seventh Defense

7.     Plaintiffs' action is barred by the statute of response.

## Eighth Defense

8.     Plaintiffs' claims against Defendant are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

## Ninth Defense

9.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

## Tenth Defense

10.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

## Eleventh Defense

11.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Twelfth Defense

12.    Defendant affirmatively denies that it violated any duty owed to the Plaintiffs.

## Thirteenth Defense

13.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

## Fourteenth Defense

14.   The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fifteenth Defense

15.   Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

## Sixteenth Defense

16.   Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs were prepared in accordance with the applicable standard of care.

## Seventeenth Defense

17.   Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

## Eighteenth Defense

18.   Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

## Nineteenth Defense

19.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

## Twentieth Defense

20.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

## Twenty-first Defense

21.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

## Twenty-second Defense

22.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## Twenty-third Defense

23.    The manufacture, distribution and sale of the pharmaceutical product referred to in the Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

## Twenty-seventh Defense

27.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## Twenty-eighth Defense

28.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

## Twenty-ninth Defense

29.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## Thirtieth Defense

30.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

## Thirty-first Defense

31.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of

Pennsylvania, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-second Defense

32.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Pennsylvania law.

### Thirty-third Defense

33.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-fourth Defense

34.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fifth Defense

35.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-sixth Defense

36.    Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-seventh Defense

37.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-eighth Defense

38.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-ninth Defense

39.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Pennsylvania.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case

is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America, Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S 408.

### Fortieth Defense

40.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Forty-first Defense

41.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-second Defense

42.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Forty-third Defense

43.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fifth Defense

45.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendant's conduct.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-eighth Defense

48.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-ninth Defense

49.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Fiftieth Defense

50.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fifty-first Defense

51.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-second Defense

52.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendant seeks an adjudication of the

percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-third Defense

53.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-forth Defense

54.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fifth Defense

55.    Plaintiff's fraud based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure and Pa. R. Civ. P. 1019(b).

### Fifty-sixth Defense

56.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

### Fifty-seventh Defense

57.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of its legal, contractual and equitable rights, Defendant reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

### Fifty-eighth Defense

58.    Defendant reserves the right to assert any and all additional defenses that may become available or may be developed during discovery or trial.

## V.
## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues so triable.

## VI.
## Prayer

WHEREFORE, Defendant respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Defendant its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.


Dated: May _21_, 2007          Respectfully submitted,

                               _____
                               Charnanda T. Reid
                               PA 93321
                               DLA Piper Rudnick Gray Cary US LLP
                               One Liberty Place
                               1650 Market Street, Suite 4900
                               Philadelphia, PA 19103
                               Tel: (215) 656-3300
                               Fax: (215) 656-3301

                               Attorneys for Defendant, Pfizer Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May _21_, 2007, the Answer and Jury Demand of

Defendant Pfizer Inc. and Defendant's Federal Rule 7.1 Disclosure Statement were

electronically filed and are available for viewing and downloading from the

Electronic Case Filing system of the United States District Court for the Middle

District of Pennsylvania.

> Gregory M. Feather, Esq.
> Handler, Henning & Rosenberg, LLP
> 1300 Linglestown Rd.
> Harrisburg, PA 17110
>
> Attorney for Plaintiff

Charnanda T. Reid

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION**

JOSEPH WHITAKER,
SANDRA WHITAKER,

                         Plaintiff,

        vs.

PFIZER, INC.,

                       Defendant.

CASE NO.:   4:07-cv-567

(Judge John E. Jones III)

## PFIZER INC.'s CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Pfizer Inc. submits this Corporate Disclosure Statement and states:

1.     Defendant Pfizer Inc. does not have any parent corporations, and no publicly traded company owns 10% or more of Pfizer Inc.'s stock.

Dated: May ⟨21⟩, 2007          Respectfully submitted,

                               _____
                               Charnanda T. Reid
                               PA 93321
                               DLA Piper Rudnick Gray Cary US LLP
                               One Liberty Place
                               1650 Market Street, Suite 4900
                               Philadelphia, PA 19103
                               Tel: (215) 656-3300
                               Fax: (215) 656-3301

                               Attorneys for Defendant, Pfizer Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21 , 2007, the Answer and Jury Demand of Defendant Pfizer Inc. and Defendant's Federal Rule 7.1 Disclosure Statement were electronically filed and are available for viewing and downloading from the Electronic Case Filing system of the United States District Court for the Middle District of Pennsylvania.

Gregory M. Feather, Esq.
Handler, Henning & Rosenberg, LLP
1300 Linglestown Rd.
Harrisburg, PA 17110

Attorney for Plaintiff

_____
Charnanda T. Reid